UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARCUS T. JOHNSON, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) No.:  3:15-CV-245-PLR-CCS |
| v. | ) |
| | ) |
| STEVEN SWORD, RANDY NICHOLS, JEREMY MAUPIN, JAMIE NEILAND, STATE OF TENNESSEE OFFICIALS, KNOX COUNTY CRIMINAL COURT, KNOX COUNTY POLICE DEPARTMENT, KNOX COUNTY JAIL, T.D.O.C., KNOXVILLE PROBATION SERVICES, THE STATE OF TENNESSEE, B.O.P., JOHN AND JANE DOE, DONA MCEVERS, CORRECTIONS OFFICER PENNELL, CORRECTIONS OFFICER HOLBERT, CORRECTIONS OFFICER CARPENTER, DANI SOSA, LISA OWNBY, MELINDA BUNCH, WARDEN, CLASSIFICATION COORDINATORS, AND JOHN THOMAS, | ) |
|     *Defendants*. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a *pro se* complaint under 42 U.S.C. § 1983, an amended complaint, two motions for leave to proceed *in forma pauperis*, and a motion to appoint counsel. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or

security therefor as of the date the complaint was received, plaintiff's first motion for leave to proceed *in forma pauperis* will be **GRANTED**, and plaintiff's second motion for leave to proceed *in forma pauperis* will be **DENIED as moot**. For the reasons set forth below, however, process shall not issue and this action will be **DISMISSED**. Accordingly, plaintiff's motion to appoint counsel will be **DENIED as moot**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, plaintiff makes various allegations relating to the underlying state court criminal proceedings against him which resulted in his current incarceration. Specifically, plaintiff alleges that his conviction resulted from entrapment, that the district attorney allowed perjured and fraudulent records to be used as evidence, that the public defender did not share, investigate, suppress, or give him proper representation, and that his parole officer had him sent back to prison despite his innocence.

In his amended complaint, plaintiff alleges that he was beaten by the Anderson County police department in 2010 after being arrested without reason. Plaintiff states that he was then transferred to Knox County Jail, that his public defender told him that the district attorney would not provide her with certain things, and that he therefore requested a trial. Plaintiff alleges that his public defender pressured him into entering into a plea agreement with the district attorney which would involve judicial diversion, but that he did not know the seriousness of the plea and the consequences it carried. Plaintiff further states that in November 2011, his probation officer and the judge "illegally violated him," apparently by having him re-incarcerated for violation of

3

probation, after he was racially charged with stealing by Walmart. Plaintiff alleges that he was then improperly sent to the Northwest Correctional Complex ("NCCX"), despite the fact that he was minimum range one offender and that he was severely gang beaten and robbed there before he was sent to Morgan County Jail. Plaintiff states that he decided to seek his freedom when he reached Morgan County Jail, that his public defender sent him his discovery, and that he exhausted his post-conviction remedies, but was denied relief due to them being time-barred. Plaintiff also alleges that on a number of occasions he was threatened, frivolously written up, and sent to segregation for no reason at Morgan County Jail.

Plaintiff states that he then made parole and was out of custody for a year and a half when "the motions [he] filed were denied due to the allegations being on the officials at that county" without plaintiff receiving any hearing or receiving any filed copy of judgment.[1] Plaintiff also asserts that an officer of the Court told him that "officers stick with officers and [he] might need to move showing the[ir] misconduct." Plaintiff next alleges that his parole officer got hostile about plaintiff seeking his freedom, told him that he would go back to prison if he did not comply with what she said or that, and violated him on April 30, 2015, through the marshals arresting him without reading him his rights. Plaintiff states that his sister was found dead of a heroin overdose within an hour of this arrest. Plaintiff alleges that he was then taken to Knox County, where he was threatened

---

[1] It appears that this assertion may be referring to other lawsuits plaintiff has filed in this district wherein the Court has had mail sent to plaintiff at the addresses he provided returned as undeliverable. *See* Case No. 3:15-CV-212, Docs. 3, 4, 5, and 6, and Case No. 3:14-CV-429, Docs. 3, 4, 5, and 6. Plaintiff also has a petition for writ of habeas corpus which is currently pending in this district, Case No. 3:15-CV-278.

4

and "sent to the hole" for wanting to know about his family and his charges, and that this "added insult to injury." Plaintiff states that defendants Pennell, Holbert, and Carpenter "administered this misconduct" and that the officer plaintiff subpoenaed to the hearing "coinsided [sic] with [plaintiff's] truth therefore establishing he lied on the record, but the buddy system stood over [plaintiff's] rights and [plaintiff] was punished [three] days being at Knox County." Plaintiff states that he was then transported to Bledsoe Prison, that he did not receive any warrant, notice of charges, or hearing within two months, and that this establishes that his freedom is being illegally restrained.[2]

Plaintiff also alleges that the original charge that establishes the basis for his claims resulted from evidence defendant Maupin illegally obtained that was not given to him until after a year later, that he was entrapped, that no warrant was issued, that no affidavits of complaints were issued, that no probable cause existed, that documents were forged and perjured, that obstruction of justice occurred, that there was mistaken identity, that the time frames do not match, and that the court lacked jurisdiction. Plaintiff concludes that all of this makes his guilty plea void and the prosecution defective. As relief, plaintiff seeks his freedom, expungement of the charge, compensation for grief and loss, to have officials investigated and/or fired, no retaliation, and for his complaint to be

---

[2] A letter handwritten by plaintiff that is dated May 18, 2015, and attached to plaintiff's complaint indicates that plaintiff knew at the time the letter was written that he had been arrested for violation of probation. In this letter, plaintiff addresses and attempts to refute various possible violations of probation. Examples include plaintiff acknowledging that he was mandated to go to a halfway house, but explaining that he has been unable to because the halfway houses he has requested to enter do not allow drug dealer offenders, and also asserting that any drug that showed up on a drug test was obtained from plaintiff's doctor. Accordingly, it appears that at least as of May 18, 2015, plaintiff was aware that he had been charged with violation of probation, but was unaware of what specific probation violation had resulted in him being taken into custody.

5

timely heard and not dismissed due to his lack of knowledge of the law, prejudice, bias, or discrimination.

Many of plaintiff's claims assert the invalidity of his underlying criminal conviction(s), including the apparent revocations of his parole. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*; *see also Norwood v. Mich. Dep't of Corrs.,* 67 Fed. App'x 286, 287 (6th Cir. 1994) (holding that a claim that defendants conspired to revoke a plaintiff's parole "necessarily implies the invalidity of his confinement" and is therefore governed by the abstention doctrine set forth in *Heck*). Accordingly, *Heck* compels dismissal of all claims arising out of plaintiff's underlying convictions.

Plaintiff also asserts claims arising out of the criminal charges currently pending against him. These claims are barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which provides that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests and the plaintiffs have an adequate opportunity to raise their challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499–504 (1974). Plaintiff has not shown that the limited exceptions to this doctrine, all of which are interpreted narrowly, apply in this

6

case. *See Zalman v. Armstrong*, 802 F. 2d 199, 205–06 (6th Cir. 1986); *Younger*, 401 U.S. 46, 53–54. Accordingly, all of the claims arising out of plaintiff's current criminal charges are currently barred.

Further, plaintiff's allegations that he was beaten in Anderson County in 2010, improperly sent to NCCX where he was subsequently beaten, and subjected to threats and frivolous discipline at Morgan County Jail are all time-barred. Plaintiff alleges that the alleged beating(s) in Anderson County occurred in 2010, that he was improperly sent to NCCX in late 2011, that the alleged beating at NCCX occurred in early 2012, and that he was out on parole for a year and a half after the alleged threats and frivolous discipline at Morgan County. Plaintiff was incarcerated when he filed his complaint on June 10, 2015.

Congress did not provide a statute of limitations for claims arising under 42 U.S.C. § 1983. Accordingly, courts apply state statutes of limitations to those claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations is applicable to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3). As the complaint makes it clear that the alleged constitutional violations at Anderson County, NCCX, and/or Morgan County all occurred more than a year before plaintiff filed his complaint on June 10, 2015, all claims arising out of those occurrences are time-barred.

The only remaining portion of the complaint and/or amended complaint which appears to attempt to state a claim is plaintiff's assertion that he was threatened and "sent to the hole" for three days while he was at Knox County Jail for wanting to know about

7

his charges and his family.  Plaintiff states that this occurrence showed "more disregard for [his] morality" and "added insult to injury."  Plaintiff specifically asserts that, at the disciplinary hearing, "the officer [plaintiff] had subpoenaed for the hearing coinsided [sic] with [plaintiff's] truth therefore establishing [the officer] lied on the record, but the buddy system stood over [plaintiff's] rights and [plaintiff] was punished [three] days being at Knox County."

While plaintiff's factual allegations regarding this occurrence are less than clear, the documents attached to the complaint which relate to this occurrence indicate that plaintiff was found guilty of and disciplined for posing as another inmate to use the phone.  Specifically, the documents show that the testimony at the disciplinary hearing was that plaintiff initially gave an officer his real name, but then used a phone request for an inmate named "Jamison" before signing his real name.  The documents further show that the disciplinary panel accordingly found plaintiff guilty of posing as another inmate and that plaintiff then raised his voice and yelled at the disciplinary panel.  Plaintiff's handwritten notes to the Court on the documents attached to the complaint show that plaintiff asserts that the discipline was imposed "because [he] told them they were wrong and the tone of [his] voice."  Liberally construing plaintiff's allegations together with the documents provided with the complaint, it appears that plaintiff was disciplined for posing as another inmate to use a phone request, which plaintiff used to call for information regarding his family and his charges, and that plaintiff asserts that the disciplinary hearing and/or the discipline itself violated § 1983.

8

Plaintiff's allegations with regard to the disciplinary hearing and the three days of discipline imposed do not establish violation of a federal right and therefore fail to state a claim under § 1983. It appears that plaintiff asserts that the alleged hearing and discipline violated his Fourteenth Amendment right to procedural due process. Such a claim "depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered." *MacMillan v. Fielding*, 136 Fed. App'x 818, 820 (2005). "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The three days of "in the hole" discipline plaintiff alleges does not impose a significant hardship, nor is it atypical discipline for prisoners. As such, plaintiff cannot establish that the disciplinary hearing or the discipline imposed violated plaintiff's constitutional rights.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it concludes that the complaint fails to state a claim upon which relief may be granted at this time. Accordingly, this action will be **DISMISSED,** plaintiff's claims which fall under the *Heck* doctrine will be **DISMISSED WITHOUT PREJUDICE** to plaintiff showing that his complaint is not subject to dismissal under *Heck,* all remaining claims **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, and plaintiff's motion to appoint counsel [Doc. 8] will be **DENIED as moot**.

Because plaintiff is an inmate in the Bledsoe County Correctional Complex, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Bledsoe County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**